FILED'10 MAY 18 15:12 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ARKEMA INC., et al.,

    Plaintiffs,

v.

ANDERSON ROOFING CO., INC., et al.,

    Defendants.

No. CV 09-453-PK

OPINION & ORDER

MOSMAN, J.,

On December 30, 2009, Magistrate Judge Papak issued Findings and Recommendation ("F&R") (#279) in the above-captioned case recommending that I GRANT IN PART AND DENY IN PART plaintiff's Motion for Referral to Alternative Dispute Resolution (#169), denying the motion for referral to alternative dispute resolution but granting the motion to stay, subject to the conditions as stated on the record and set forth in plaintiffs' proposed stay order. Multiple objections were filed (#281, 283, 286, 287, 290), and plaintiffs submitted one individual (#284) and one combined (#301) response.

## DISCUSSION

The magistrate judge makes only recommendations to the district court, to which any party may file written objections. The court is not bound by the recommendations of the

PAGE 1 - OPINION & ORDER

magistrate judge, but retains responsibility for making the final determination. Where objections are made, I usually apply de novo review. 28 U.S.C. § 636(b)(1)(C). However, where objections are made on nondispositive pretrial findings, such as the findings here, a court reviews for clear error, and must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). Clear error exists when the court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). This standard of review reflects the broad discretion accorded to magistrate judges on pretrial matters. *See, e.g., Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002) (stating that questions of law are reviewed de novo, while pretrial motions—such as discovery matters—are evaluated under the clearly erroneous standard of review). The court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Upon review, I agree with Judge Papak's recommendation, and I ADOPT the F&R (#279) as my own opinion. I find that Judge Papak's recommendation to stay the proceedings is appropriate based on the inherent authority of the court, as described in *Gates v. Woodford*, 334 F.3d 803, 817 (9th Cir. 2003) and *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The record of the hearing evidences Judge Papak's consideration of the factors set forth in *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). He carefully weighed the balance of hardship to plaintiffs and prejudice to defendants, and crafted a solution designed to accommodate both

PAGE 2 - OPINION & ORDER

sides under these unique circumstances. His findings are not clearly erroneous or contrary to law.

Additionally, I note that this Court retains the authority to modify or abandon the stay once it reviews the first six-month report from plaintiffs (anticipated mid-November 2010)—including the quantity and quality of information provided to defendants, such as discoverable documents and notice of potential third-party defendants. The Court will also continue to monitor the stay's appropriateness in light of the progression of the Remedial Investigation/Feasibility Study.

Therefore, I GRANT IN PART AND DENY IN PART plaintiff's Motion for Referral to Alternative Dispute Resolution (#169). I deny the motion for referral to alternative dispute resolution but grant the motion to stay, subject to the conditions as stated by Judge Papak on the record and set forth in plaintiffs' proposed stay order.

IT IS SO ORDERED.

DATED this 18 day of May, 2010.

MICHAEL W. MOSMAN
United States District Court

PAGE 3 - OPINION & ORDER