FILED

MAY 0 2 2011

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ARKEMA INC., a Pennsylvania corporation, et al.,

        Plaintiffs,

CV 09-453- PK

OPINION AND ORDER

A & C FOUNDRY PRODUCTS, INC., an Oregon corporation, et al.

        Defendants.

PAPAK, Judge:

        Ten plaintiffs, including the City of Portland, the Port of Portland and various private entities, pursue the present action against numerous defendants arising out of the environmental contamination of the Portland Harbor. Now before the Court is a motion by General Steamship

Page 1 - OPINION AND ORDER

International, LTD and General Steamship Corporation, LTD (collectively "General Steamship") styled as a motion for leave to file an answer and cross-claims (#348) against the United States of America ("United States"). General Steamship asserts that its proposed claims for breach of contract, indemnity, and contribution under CERCLA arise under contracts entered between the two parties dating back to 1941. Counsel for General Steamship sought to enter a tolling agreement with the United States to prevent the statute of limitations on those claims from running while the current litigation is stayed. Such an agreement would have eliminated the need for the present motion. The United States refused to enter a tolling agreement regarding all the claims General Steamship sought to preserve. The United States, however, has not filed an opposition resisting General Steamship's current motion.

This Court's stay order does not preclude General Steamship's proposed pleading. On May 18, 2010, this Court entered an order staying further proceedings in this action until one year from the date that the EPA issues a Final Record of Decision for the Portland Harbor Superfund Site or until a further order of this Court. (#337.) Although the order provides that during the stay "no new pleadings, motions or claims may be filed by any party," the order also includes several exceptions, including that a "defendant may request leave of the court to file a third party claim against a person not currently a party to the case if necessary to avoid the application of the statute of limitations." *Id.* The intent of the stay order was to halt litigation already underway on claims between existing parties, while allowing those parties to preserve claims against new parties that might be lost due to the running of a statute of limitations before the stay was lifted. General Steamship's request is compatible with that intent, even though General Steamship's

proposed claims are technically against "a party to the case."[1]

Neither the parties nor the court anticipated the present situation, and consequently, the language of the stay order is regrettably imprecise. Nevertheless, because General Steamship's motion does not violate the intent of the stay order and because the United States does not oppose General Steamship's request, General Steamship's motion for leave to file an answer and cross-claims (#348) against the United States of America is granted. General Steamship is ordered to file its proposed answer and cross-claims immediately.

Dated this 2nd day of May, 2011.

Honorable Paul Papak
United States Magistrate Judge

---

[1] Although several other defendants previously brought the United States into the suit by filing third party claims seeking indemnification, the United States was never a defendant in the original suit in the same manner as General Steamship. Thus, General Steamship's proposed claims are more akin to third party claims against an absentee party than to cross-claims against a co-defendant.

Page 3 - OPINION AND ORDER